UNITED STATES BANKRUPTCY COURT
District of Utah, Central Division

FILED
2001 AUG 20 P 4:21
WILLIAM C. STILLGEBAUER
CLERK OF COURT
BY_____

In re: Stefan T. Chatwin
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

Case No. 01C-31352
Chapter 13
NONE

The Debtor(s) hereby Propose the Following Plan

1. **Plan Payment Amount.** Debtor and/or any entity designated shall pay to the Trustee the sum of $525.00, unless adjusted (any adjustment will be listed below), each month, for 36 months or until such amounts are paid that will afford payment of all allowed and proven claims to the extent provided under this Plan.

2. **Creditor Payments.** From the payments so received, the Trustee shall make distributions to creditors holding allowed claims in the following order and on a pro rata basis for each claim within the class:
   A. CLASS A. Adequate protection payments stipulated to by the Debtor(s) or otherwise ordered by the Court.
   B. CLASS B. Allowed priority administrative claims under 11 U.S.C. §507(a)(1), including attorney fees and costs estimated to be $ 2,200.00 with $ 100.00 paid to date and the balance of $ 2,100.00 to be paid through the Trustee.
   C. CLASS C. Allowed secured claims of the following creditors, together with interest as indicated below:

| Creditor | Claim Amt | Value | Arrears | Int.Rate | Collateral Description |
|---|---|---|---|---|---|
| 1. Quick Loan | $ 500.00 | $ 500.00 | $ N/A | 9.00% | Washer, Dryer, Stere |
| 2. RC Willey | $ 2,366.00 | $ 500.00 | $ N/A | 9.00% | Computer |
| 3. Sears | $ 2,878.00 | $ 500.00 | $ N/A | 9.00% | Refrigerator |
| 4. USAA Federal Savings | $ 13,500.00 | $ 9,000.00 | $ N/A | 9.00% | 1996 Honda Accord |

Pursuant to §§11 U.S.C. 506(b) and 1325(a)(5), the interest necessary to provide these creditors with the present value of their allowed claims( i.e., the discount rate) shall be paid from the petition date for each creditor whose collateral value exceeds the claim amount; otherwise, interest shall be paid from the date the confirmation order is entered by the Clerk of the Bankruptcy Court. The allowed unsecured portion of the claims held by these creditors will be paid pro rata with the other unsecured claims in CLASS E as set forth below. Regular monthly mortgage payments to be made by Debtor(s) and to start on the first due date following the filing of the petition.
   D. CLASS D. Allowed priority unsecured claims under 11 U.S.C. § 507(a)(2)-(8) shall be paid 100%, with no interest.
   E. CLASS E. Allowed nonpriority unsecured claims, which shall include the allowed claims of all creditors not otherwise classified in this Plan, shall be paid 20% of the allowed claim. [If applicable: Interest shall be paid on allowed unsecured claims at the rate of 0.00% per annum from the date the confirmation order is entered.]
   F. Additional provisions pursuant to 11 U.S.C. § 1322(b):
   **NONE**

3. **Trustee Payment.** The Trustee is entitled to a fee under 28 U.S.C. § 586(e).
4. **Property.** Unless otherwise ordered by the Court, all property of the estate shall vest in the Debtor(s) upon confirmation.
5. **Discharge of Debts.** In accordance with 11 U.S.C. § 1328(a), upon completion of the Plan, the Debtor(s) shall be discharged of all debts provided for by the Plan or disallowed under 11 U.S.C. § 502.
6. **Liquidation Analysis.** According to the Debtor(s)' liquidation analysis, creditors with allowed nonpriority unsecured claims would receive approximately 5% of their claims under Chapter 7 of the Bankruptcy Code. This Plan provides that such creditors will receive 20% of their claims, thus providing these creditors with a greater return under this Plan then the creditors would receive if the estate of the Debtor(s) were liquidated under Chapter 7 on this date.

8/20/01
Date

Brian D. Johnson
Attorney for the Debtor(s)


0131352D3

In re: Stefan T. Chatwin
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

Case No. 01C-31352
Chapter 13
NONE

# NOTICES REGARDING CHAPTER 13 PLAN

1. Creditors must file a Proof of Claim with the Clerk of the United States Bankruptcy Court for the District of Utah at the address and on or before the deadline set forth in the NOTICE OF COMMENCEMENT OF CASE UNDER CHAPTER 13 OF THE BANKRUPTCY CODE, MEETING OF CREDITORS, AND FIXING OF DATES. Creditors with claims that are partially secured and partially unsecured that fail to timely file their Proofs of Claim will receive no distribution under the Plan for the unsecured portion of their claims. All creditors holding wholly unsecured claims that fail to timely file a Proof of Claim shall receive no distribution under the Plan. All claims for which a Proof of Claim was not timely filed shall be discharged in accordance with 11 U.S.C. § 1328.

2. Every creditor that has any claim against the debtor(s) for money, property or services shall be affected by the Plan. All creditors shall be treated in accordance with Plan unless the Court orders otherwise. Each creditor must consult the Plan to determine the specific treatment given to that creditor's claim. Upon confirmation of the Plan, each creditor and the debtor(s) shall be bound by the terms of the Plan and the order confirming the Plan.

3. Creditors holding claims secured by specific collateral must file proof of the validity, extent and perfection of their security interest, lien or encumbrance with their Proof of Claim. Creditors holding and proving their secured claims( which claims are secured only to the extent of the value of the collateral) shall retain their security interest, lien or encumbrance in the collateral until the claim or amount of the secured value of the collateral (whichever is less) is paid, at which time the security interest, lien or encumbrance shall be extinguished. The debtor(s) shall maintain insurance at least equal to the value of the collateral until the security interest, lien or encumbrance is extinguished.

4. To the extent the debtor(s) assert(s) in the Plan a collateral value that is different than the value asserted by the creditor in its Proof of Claim, the discrepancy in value must be resolved by stipulation or a court order, after notice and a hearing. IN ADDITION, TO THE EXTENT THERE IS A VALUE DISCREPANCY, THE DEBTOR(S) HEREBY OBJECT(S) TO THE CREDITOR'S PROOF OF CLAIM AND, PURSUANT TO 11 U.S.C. § 506(a) AND RULE 3012 OF THE FED. R. BANKR. P., HEREBY MOVES THE COURT TO DETERMINE THE VALUE OF THE COLLATERAL. If the value discrepancy is not resolved prior to the confirmation hearing, then it shall be resolved at that hearing. Parties in interest must be prepared at any hearing regarding valuation to present evidence of the value of the collateral. The Court shall be entitled to rely, in making its determination of value, solely upon the uncontested proffer by the debtor(s) as well as the verified statements contained in the Plan.

5. A creditor shall not accept any insurance, sale or other proceeds from the disposition of collateral treated in the Plan unless prior written notice thereof is provided to the Trustee. Any creditor receiving such proceeds shall file an amended proof of claim with the Clerk of the Bankruptcy Court, and provide a copy to the Trustee, within 30 days of receipt of such funds. If a claim entitled to disbursement from the Trustee under the Plan is paid in full or part from any source other than distibutions under the Plan, the Trustee shall still be entitled to his statutory fee on the amount that would have been paid to the Trustee for disbursement under the Plan to satisfy that claim.

6. Unless a party in interest objects, the debtor(s) may modify the Plan without further notice to conform the Plan to the amount, value or interest rate set forth in a Proof of Claim (or otherwise asserted by the creditor) so long as the percentage return to creditors with nonpriority unsecured claims remains unaffected other than the delay in receiving their first distribution under the Plan.

7. Unless a party in interest objects, the interest rate set forth in the Plan for purposes of providing creditors with the present value of their claims (i.e., the discount rate) shall be the rate paid on such claims. Unless otherwise provided in the Plan or order confirming the Plan, the discount rate shall be the post judgment rate provided for in 28 U.S.C. § 1961 in effect on the date of the debtor(s)' petition. Setting forth an interest rate in a Proof of Claim different from that set forth in the Plan shall not be construed as an objection to the Plan. The debtor(s), however, may amend the Plan to reduce the interest rate to the rate set forth in a Proof of Claim without notice or a hearing.

8. If all bars to confirmation are timely resolved, this case may be confirmed by consent prior to the scheduled contested confirmation hearing. Prior to such a consent confirmation, the debtor(s) shall file with the Clerk of the Court and serve upon all parties in interest, an appropriate motion and notice. Pursuant to Bankr. D. Ut. LBR 2083-1, the debtor(s) and counsel are excused from attending the hearing on the consent confirmation.

hearing, without further notice or hearing.

In re: Stefan T. Chatwin
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

Case No. 01C-31352
Chapter 13
NONE

9. If the debtor(s) fail(s) to timely obtain confirmation of the Plan, this case can be dismissed or converted at the confirmation

10. Unless specifically required by 11 U.S.C. § 1329, post confirmation modifications of the Plan that do not adversely affect creditors' treatment under the Plan and abatements or other suspensions in Plan payments shall be handled administratively through the Offices of the Standing Chapter 13 Trustees. Nothing contained herein, however, shall preclude the debtor(s), the Trustees and other parties in interest from seeking a court order modifying the Plan.