UNITED STATES BANKRUPTCY COURT

District of Utah

Central Division

In re: Stefan T. Chatwin
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

Case No. 01C-31352
Chapter 13

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a
joint petition is filed, unless the spouses are seperated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.
  Questions 1-15 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete questions 16-21. If the answer to any question is "None", or the questions is not applicable, mark the box labeled "None". If additional space is needed for the answer to any question, use and attach a seperate sheet properly identified with the case name, case number (if known), and the number of the question.

## DEFINITIONS

"In Business." A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual is "in business" for the purpose of this form if the debtor is or has been, within the two years immediately preceeding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or person in control of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed.

"Insider." The term "insider" includes but is not limited: relatives of the debtor; general partners of the debtor and their relatives; corporation of which the debtor is an officer, director, or person in control; officers, directors, and any person in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101(30)

### 1. Income from employment or operation of business

None
[ ]

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE | YEAR |
|---|---|---|
| 48,000.00 | Debtor's Employment | 1999 |
| 32,298.00 | Debtor's Employment | 2000 |
| UNKNOWN | Debtor's Employment | 2001 |

### 2. Income other than from employment or operation of business

None
[X]

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 3. Payments to creditors

None
[X]

a. List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within 90 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and joint petition is not filed.)

Statement of Financial Affairs - Page 1



0131352D4

None
[X]   b. List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 4. Suits and administrative proceedings, executions, garnishments and attachments

None
[ ]   a. List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| Bonneville Billing vs. Chatwin | Civil | 425 N. Wasatch Dr. Layton, UT | Pending |

None
[X]   b. Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 5. Repossessions, foreclosures and returns

None
[X]   List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 6. Assignments and receiverships

None
[X]   a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
[X]   b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 7. Gifts

None
[X]   List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 8. Losses

None
[X]   List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 9. Payments related to debt counseling or bankruptcy

None
[ ]   List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Express Law 9 Exchange Place #200 Salt Lake City, UT 84111 | 8/01 | $100 |

### 10. Other transfers

None [X]

List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 11. Closed financial accounts

None [X]

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 12. Safe deposit boxes

None [X]

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 13. Setoffs

None [X]

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 14. Property held for another person

None [X]

List all property owned by another person that the debtor holds or controls.

### 15. Prior address of debtor

None [ ]

If the debtor has moved within the two years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| 548 E. Twin Trees<br>Layton, UT | Same | 10/96 - 3/98 |

[X] Questions 16-21 are inapplicable to the debtor and therefore are not included hereafter.

## Declaration Concerning Statement of Financial Affairs

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date  8/9/2001          Signature _____
                                    Stefan T. Chatwin

UNITED STATES BANKRUPTCY COURT

District of Utah

Central Division

In re: Stefan T. Chatwin
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

Case No. 01C-31352
Chapter 13

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above mentioned debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   For legal services, I have agreed to accept          $   2,200.00

   Prior to filing this statement, I have received       $     100.00

   Balance Due                                           $   2,100.00

2. The source of compensation paid to me is:

   [X] Debtor         [ ] Other(specify)

3. The source of compensation to be paid to me is:

   [X] Debtor         [ ] Other(specify)

4. [X] I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   [ ] I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a) Analysis of the debtor's financial situation, and rendering advice and assistance to the debtor(s) in determining whether to file a petition under Title 11, United States Code;

   b) Preparation and filing of any petition, schedule, statement of affairs, and other documents required by the court;

   c) Representation of the debtor(s) at the meeting of creditors, confirmation hearing and any adjourned hearings thereof;

   d) (Other provisions as needed)

   NONE

6. By agreement with the debtor(s), the above disclosed fee does not include representation of the debtor in adversary proceedings and other contested matters and the following services:

   NONE

## CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or agreement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated: 8/20/01

Brian D. Johnson, Bar No: 6754
Express Law
Attorney for Debtor(s)

UNITED STATES BANKRUPTCY COURT

District of Utah

Central Division

In re: Stefan T. Chatwin
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

Case No. 01C-31352

Chapter 13

# SUMMARY OF SCHEDULES

AMOUNTS SCHEDULED

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NUMBER OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | YES | 1 | $ 136,000.00 | | |
| B - Personal Property | YES | 2 | $ 16,730.00 | | |
| C - Property Claimed As Exempt | YES | 1 | | | |
| D - Creditors Holding Secured Claims | YES | 1 | | $ 19,244.00 | |
| E - Creditors Holding Unsecured Priority Claims | YES | 1 | | $ 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 2 | | $ 64,286.00 | |
| G - Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - Codebtors | YES | 1 | | | |
| I - Current Income of Individual Debtor(s) | YES | 1 | | | $ 2,740.00 |
| J - Current Expenditures of Individual Debtor(s) | YES | 1 | | | $ 2,215.00 |
| Total Number of sheets in ALL Schedules >> | | 12 | | | |
| Total Assets >> | | | $ 152,730.00 | | |
| Total Liabilities >> | | | | $ 83,530.00 | |

Express Law

In re: Stefan T. Chatwin
528 45 4345

Case No. 01C-31352

# SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSB, WIFE JOINT OR COMM. | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| Debtor's Residence 2090 S. Jenny Lane Clearfield, UT 84015 | | | 136,000.00 | 139,800.00 |
| | | TOTAL » | 136,000.00 | |

In re: Stefan T. Chatwin  
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

Case No. 01C-31352

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | DESCRIPTION AND LOCATION OF PROPERTY | HUSB. WIFE JOINT OR COMM. | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|
| 1. Cash on hand. | Cash on Hand | | 100.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | Checking Account | | 600.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | NONE | | 0.00 |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | Computer | | 500.00 |
| | Dishwasher, Microwave, Stove, Oven, Beds/Bedding | | 700.00 |
| | Electonics | | 300.00 |
| | Kitchen Table/Chairs | | 50.00 |
| | Lawn mower, garden tools | | 200.00 |
| | Refrigerator | | 500.00 |
| | Televisions, VCR, Entertainment Center, Lamps, Couch, Chairs, Tables, Bookcase | | 1,000.00 |
| | Washer, Dryer, Stereo | | 500.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | Books, Pictures, CD's | | 300.00 |
| 6. Wearing apparel. | Clothing | | 300.00 |
| 7. Furs and jewelry. | Jewelry | | 2,000.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | Photo Equipment & Camcorder | | 400.00 |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | NONE | | 0.00 |
| 10. Annuities. Itemize and name each issuer. | NONE | | 0.00 |
| 11. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize. | Retirement Plan (401K) | | 280.00 |
| 12. Stock and interests in incorporated and unincorporated businesses. Itemize. | NONE | | 0.00 |
| 13. Interests in partnerships or joint ventures. Itemize. | NONE | | 0.00 |
| 14. Government and corporate bonds and other negotiable and non-negotiable instruments. | NONE | | 0.00 |

Schedule B - Page 1                    Express Law

In re: Stefan T. Chatwin  
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

Case No. 01C-31352

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | DESCRIPTION AND LOCATION OF PROPERTY | HUSB. WIFE JOINT OR COMM. | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|
| 15. Accounts Receivable. | NONE | | 0.00 |
| 16. Alimony, maintenance, support and property settlements to which the debtor is or may be entitled. Give particulars. | NONE | | 0.00 |
| 17. Other liquidated debts owing debtor including tax refunds. Give details. | NONE | | 0.00 |
| 18. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in the Schedule of Real Property. | NONE | | 0.00 |
| 19. Contingent and non-contingent interest in estate of a decedent, death benefit plan, life insurance policy, or trust. | NONE | | 0.00 |
| 20. Other contingent and unliquidated claims of any nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | NONE | | 0.00 |
| 21. Patents, copyrights, and other intellectual property. Give estimated value of each. | NONE | | 0.00 |
| 22. Licenses, franchises, and other general intangibles. Give particulars. | NONE | | 0.00 |
| 23. Automobiles, trucks, trailers, and other vehicles and accessories. | 1996 Honda Accord | | 9,000.00 |
| 24. Boats, motors, and accessories. | NONE | | 0.00 |
| 25. Aircraft and accessories. | NONE | | 0.00 |
| 26. Office equipment, furnishings, and supplies. | NONE | | 0.00 |
| 27. Machinery, fixtures, equipment, and supplies. | NONE | | 0.00 |
| 28. Inventory. | NONE | | 0.00 |
| 29. Animals. | NONE | | 0.00 |
| 30. Crops - growing or harvested. Give particulars. | NONE | | 0.00 |
| 31. Farming equipment and implements. | NONE | | 0.00 |
| 32. Farm supplies, chemicals, and feed. | NONE | | 0.00 |
| 33. Other personal property of any kind not already listed. Itemize. | NONE | | 0.00 |

TOTAL » 16,730.00

In re: Stefan T. Chatwin  
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

Case No. 01C-31352

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemption to which debtor is entitled under:

[ ]   11 U.S.C. § 522(b)(1)   Exemptions provided in 11 U.S.C. § 522(d). Note: These exemptions are available only in certain states.

[X]   11 U.S.C. § 522(b)(2)   Exemptions available under applicable nonbankruptcy federal laws, state or local law where the debtor's domicile has been located for the 180 days immediately preceding the filing of the petition, or for a longer portion of the 180-day period than in any other place, and the debtor's interest as a tenant by the entirety or joint tenant to the extent the interest is exempt from process under applicable nonbankruptcy law.

| DESCRIPTION OF PROPERTY | SPECIFIC LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT MARKET VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTIONS |
|---|---|---|---|
| Books, Pictures, CD's | UCA § 78-23-8(1)(c) | 150.00 | 300.00 |
| Clothing | UCA § 78-23-5(1)(a)(vii) | 300.00 | 300.00 |
| Debtor's Residence 2090 S. Jenny Lane Clearfield, UT 84015 | UCA § 78-23-3 2(a)ii or 2(b)ii | 20,000.00 | 136,000.00 |
| Dishwasher, Microwave, Stove, Oven, Beds/Bedding | UCA § 78-23-5(1)(a)(vii) | 700.00 | 700.00 |
| Jewelry | UCA § 78-23-8(1)(d) | 500.00 | 2,000.00 |
| Kitchen Table/Chairs | UCA § 78-23-8(1)(b) | 50.00 | 50.00 |
| Retirement Plan (401K) | UCA § 78-23-5(a)(x) | 280.00 | 280.00 |
| Televisions, VCR, Entertainment Center, Lamps, Couch, Chairs, Tables, Bookcase | UCA § 78-23-8(1)(a) | 500.00 | 1,000.00 |

Schedule C - Page 1                        Express Law

In re: Stefan T. Chatwin    Case No. 01C 31352
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

# Schedule D - Creditors Holding Secured Claims

| CREDITOR'S NAME MAILING ADDRESS INCLUDING ZIP CODE | CO-DEBTOR | HUSBAND WIFE JOINT OR COMMUN. | CLAIM DATE, NATURE OF LIEN, DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT UNLIQUIDATED DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|
| ACCT. NO. 3769417 <br><br> Quick Loan <br> 1868 N. Angel Rd #G <br> Layton, UT 84041 | NO | | Washer, Dryer, Stereo <br><br> VALUE $ 500.00 | | 500.00 | 0.00 |
| ACCT. NO. CHATWIN/STEFAN <br><br> RC Willey <br> Attn: Heather H. <br> 2301 S. 300 W. <br> SLC, UT 84115-2516 | NO | | Computer <br><br> VALUE $ 500.00 | | 2,366.00 | 1,866.00 |
| ACCT. NO. 005290516581 <br><br> Sears <br> PO Box 29 <br> Boise, ID 83707 | NO | | Refrigerator <br><br> VALUE $ 500.00 | | 2,878.00 | 2,378.00 |
| ACCT. NO. 10340768 <br><br> USAA Federal Savings <br> 10750 McDermott Fwy. <br> San Antonio, TX 78288 | NO | | 1996 Honda Accord <br><br> VALUE $ 9,000.00 | | 13,500.00 | 4,500.00 |

Subtotal » (Total of this page)   19,244.00

TOTAL »   19,244.00

Schedule D - Page 1 of 1                    Express Law

In re: Stefan T. Chatwin                                            Case No. 01C-31352
       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

# Schedule E - Creditors Holding Unsecured Priority Claims

[X] Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

# Types of Priority Claims

[ ] Extensions of credit in an involuntary case

   Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(2).

[ ] Wages, salaries, and commissions

   Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $4000* per person earned within 90 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(3).

[ ] Contributions to employee benefit plans

   Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

[ ] Certain farmers and fishermen

   Claims of certain farmers and fishermen, up to $4000* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(5).

[ ] Deposits by individuals

   Claims of individuals up to $1800* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(6).

[ ] Alimony, Maintenance, or Support

   Claims of a spouse, former spouse, or child of the debtor for alimony, maintenance, or support, to the extent provided in 11 U.S.C. § 507(a)(7).

[ ] Taxes and Other Certain Debts Owed to Governmental Units

   Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

[ ] Commitments to Maintain the Capital of an Insured Depository Institution

   Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

[ ] Other Priority Debts

Schedule E - Page 1 of 1                                Express Law

In re: Stefan T. Chatwin
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

Case No. 01C-31352

# Schedule F - Creditors Holding Unsecured Nonpriority Claims

| CREDITOR'S NAME MAILING ADDRESS INCLUDING ZIP CODE | CO-DEBTOR | HUSBAND WIFE JOINT OR COMMUN. | DATE CLAIM WAS INCURRED, AND CONSIDERATION FOR CLAIM, IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT UNLIQUIDATED DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| ACCT. NO. 0005981584<br>Backman, Clark & Marsh<br>800 McIntyre Bldg.<br>68 S. Main<br>SLC, UT 84101 | NO | | Collections Crossland Mort. (Notice Only) | | 0.00 |
| ACCT. NO. 7476058713<br>Bank of America<br>PO Box 8000<br>San Antonio, TX 78208 | NO | | Signature Loan | | 4,000.00 |
| ACCT. NO. 5434071100143111<br>Bank of America<br>PO Box 85350<br>Louisville, KY 40285 | NO | | 03-97<br>Charge Card | | 1,860.00 |
| ACCT. NO. 1967041 5<br>Bonneville Billing & Collections<br>PO Box 309<br>Ogden, UT 84402 | NO | | Notice Only | | 0.00 |
| ACCT. NO. CHATWIN/STEFAN<br>Check Mate<br>2146 N. Main #532<br>Layton, UT 84041 | NO | | Check Loan | | 500.00 |
| ACCT. NO. CHATWIN, STEFAN<br>Check Point One<br>445 S. State<br>Clearfield, UT 84015 | NO | | Loan | | 500.00 |
| ACCT. NO. 0005971584<br>Crossland Mort. Corp.<br>3902 S. State St.<br>PO Box 57909<br>SLC, UT 84157 | NO | | Notice Only | | 0.00 |
| ACCT. NO. 8454345<br>Deferred Payment Plan<br>PO Box 4282<br>Carol Stream, IL 60197 | NO | | Purchases Made | | 820.00 |
| ACCT. NO. CHATWIN, STEFAN<br>Dillards Collections<br>PO Box 52005 #6000<br>Phoenix, AZ 85072 | NO | | Charge Card | | 1,000.00 |

Subtotal » (Total of this page)    8,680.00

Schedule F - Page 1 of 2                Express Law

In re: Stefan T. Chatwin
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

Case No. 01C-31352

# Schedule F - Creditors Holding Unsecured Nonpriority Claims

| CREDITOR'S NAME MAILING ADDRESS INCLUDING ZIP CODE | CO-DEBTOR | HUSBAND WIFE JOINT OR COMMUN. | DATE CLAIM WAS INCURRED, AND CONSIDERATION FOR CLAIM, IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT UNLIQUIDATED DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| ACCT. NO. 54208071101078388<br><br>First USA Bank, NA<br>PO Box 530811<br>Atlanta, GA 30353 | NO | | Charge Card | | 1,100.00 |
| ACCT. NO.<br><br>GMAC<br>PO Box 5627<br>Denver, CO 80217 | NO | | Notice Only | | 0.00 |
| ACCT. NO. 1967041<br><br>Imperial Dragon<br>2146 N. Main St. #552<br>Layton, UT 84041 | NO | | Dishonored Check | | 143.00 |
| ACCT. NO.<br><br>Knight Adj. Bureau<br>c/o Kathryn Denholm<br>P.O. Box 520308<br>SLC, UT 84152 | NO | | Collection for RC Willey (Notice Only) | | 0.00 |
| ACCT. NO. 001-45-249647<br><br>Nations Bank<br>1422 E. Grayson<br>San Antonio, TX 78286 | NO | | Signature Loan | | 3,863.00 |
| ACCT. NO. CHATWIN/STEFAN<br><br>Norwest Bank/Wells Fargo<br>PO Box 10347<br>Des Moines, IA 50306-0347 | NO | | Charge Card | | 500.00 |
| ACCT. NO. 005290516581<br><br>Risk Management<br>1500 Coommerce Dr.<br>Mendota Heights, MN 55210 | NO | | Collections for Sears Notice Only | | 0.00 |
| ACCT. NO. CHATWIN, STEFAN<br><br>Unipac Service Corp.<br>3015 S. Parker Rd. #400<br>Aurora, CO 80014 | NO | | Student Loan | | 50,000.00 |

Subtotal » 55,606.00
(Total of this page)

TOTAL » 64,286.00

Schedule F - Page 2 of 2    Express Law

In re: Stefan T. Chatwin　　　　　　　　　　　　　　　　　　　　　Case No. 01C-31352
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

# Schedule G - Executory Contracts and Unexpired Leases

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST, STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT |
|---|---|
| NONE | |

In re: Stefan T. Chatwin
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

Case No. 01C-31352

# SCHEDULE H - CODEBTORS

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| NONE | |

Schedule H - Page 1                Express Law

In re: Stefan T. Chatwin
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

Case No. 01C-31352

# Schedule I - Current Income Of Individual Debtor(s)

| Debtor's Marital Status: Married | DEPENDENTS OF DEBTOR AND SPOUSE | | |
|---|---|---|---|
| Debtor's Age:<br>Spouse's Age: | NAMES<br>Addie<br>Hayden<br>Savannah | AGE<br>3<br>1<br>6 | RELATIONSHIP<br>Daughter<br>Son<br>Daughter |
| EMPLOYMENT: | DEBTOR | SPOUSE | |
| Occupation | Seeking Employment | | |
| How long employed | | | |
| Name and Address of Employer | | | |

Income: (Estimate of average monthly income)                                      DEBTOR              SPOUSE

| | DEBTOR | SPOUSE |
|---|---|---|
| Current monthly gross wages, salary, and commissions (pro rate if not paid monthly) | $ 3,800.00 | $ |
| Estimated monthly overtime | $ 0.00 | $ |
| SUBTOTAL | $ 3,800.00 | $ |
| LESS PAYROLL DEDUCTIONS | | |
| a.) Payroll taxes and social security | $ 950.00 | $ |
| b.) Insurance | $ 110.00 | $ |
| c.) Union dues | $ 0.00 | $ |
| d.) Other | | |
| SUBTOTAL OF PAYROLL DEDUCTIONS | $ 1,060.00 | $ |
| TOTAL NET MONTHLY TAKE HOME PAY | $ 2,740.00 | $ |
| Regular income from operation of business, profession or farm (attach detailed statement) | $ 0.00 | $ |
| Income from real property | $ 0.00 | $ |
| Interest and dividends | $ 0.00 | $ |
| Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | $ 0.00 | $ |
| Social security or other government assistance (Specify) | $ 0.00 | $ |
| Pension or retirement income | $ 0.00 | $ |
| Other monthly income (Specify) | $ 0.00 | $ |
| TOTAL MONTHLY INCOME | $ 2,740.00 | $ |

TOTAL COMBINED MONTHLY INCOME    $    2,740.00

Describe any increase or decrease of more than 10% in any of the above categories anticipated to occur within the year following the filing of this document:

   **Debtor is currently seeking employment, Income listed is anticipated.**

Schedule I - Page 1                                           Express Law

In re: Stefan T. Chatwin
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

Case No. 01C-31352

# Schedule J - Current Expenditures Of Individual Debtor(s)

[ ] Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---|
| Rent or home mortgage payment (include lot rented for mobile home) | $ | 0.00 |
|     Are real estate taxes included?   [ ] Yes   [x] No | | |
|     Is property insurance included?   [ ] Yes   [x] No | | |
| Utilities:   Electricity and heating fuel | $ | 130.00 |
|     Water and sewer | $ | 50.00 |
|     Telephone | $ | 80.00 |
|     Other:   Cable | $ | 30.00 |
| Home Maintenance (Repairs and upkeep) | $ | 50.00 |
| Food | $ | 670.00 |
| Clothing | $ | 110.00 |
| Laundry and dry cleaning | $ | 59.00 |
| Medical and dental expenses | $ | 70.00 |
| Transportation (not including car payments) | $ | 210.00 |
| Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 80.00 |
| Charitable contributions | $ | 490.00 |
| Insurance (not deducted from wages or included in home mortgage payments): | | |
|     Homeowner's or renter's | $ | 0.00 |
|     Life | $ | 70.00 |
|     Health | $ | 0.00 |
|     Auto | $ | 116.00 |
|     Other: | $ | 0.00 |
| Taxes (not deducted from wages or included in home mortgage payments) (Specify) | $ | 0.00 |
| Installment payments (In chapter 12 & 13 cases, do not list payments to be included in the plan) | | |
|     Auto | $ | 0.00 |
|     Other: | $ | 0.00 |
| Alimony, maintenance, and support paid to others | $ | 0.00 |
| Payments for support of additional dependents not living at your home | $ | 0.00 |
| Regular expenses from operation of business, profession, or farm (attach stmt) | $ | 0.00 |
| Other: | $ | 0.00 |
| **TOTAL MONTHLY EXPENSES** (Report also on Summary of Schedules) | **$** | **2,215.00** |

(FOR CHAPTER 12 and 13 DEBTORS ONLY)
Provide the information requested below, including whether plan payments are to be made bi-weekly, monthly, annually, or at some other regular interval.

| | | |
|---|---|---|
| A. Total projected monthly income | $ | 2,740.00 |
| B. Total projected monthly expenses | $ | 2,215.00 |
| C. Excess income (A minus B) | $ | 525.00 |
| D. Total amount to be paid into plan   Monthly | $ | 525.00 |

In re:  Stefan T. Chatwin                                            Case No. 01C-31352
        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

# Declaration Concerning Debtor's Schedules

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of 12 sheets plus the summary page, and that they are true and correct to the best of my knowledge, information, and belief.

Date  8/9/2001                                    Signature  _[signed]_
                                                             Stefan T. Chatwin

---

### DECLARATION UNDER PENALTY OF PERJURY
### ON BEHALF OF A CORPORATION OR PARTNERSHIP

(NOT APPLICABLE)

Penalty for making a false statement or concealing property.  Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C § 152 and 3571.